IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN FORD, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY,<br><br>Defendant. | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

COMPLAINT-- CLASS ACTION

COMES NOW Plaintiff KAREN FORD, on behalf of herself and all others similarly

situated brings this Class Action Complaint and alleges as follows:

NATURE OF THE ACTION

1.      Defendant Kraft Heinz Foods Company has advertised and sold millions of

containers of its "100% Grated Parmesan Cheese" or "100% Parmesan & Romano Cheese"

products as "100%" cheese. Independent laboratory testing shows, however, that such products

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

are not at all "100%" Parmesan, but that at least 3.8 percent of the purportedly "100%" Parmesan consists of cellulose, a filler and anti-clumping agent derived from *wood pulp*. As detailed herein, Defendant has made and continues to make unlawfully false, fraudulent, and misleading claims on its food labels in violation of federal law[1] and the laws of the State of California.

2.      Plaintiff and the members of the Class, as defined herein, purchased Kraft's "100%" Parmesan cheese or Parmesan & Romano cheese products because they were deceived into believing that the products were 100% cheese. Because Kraft's "100%" cheese products contain a substantial amount of fillers and are not "100%" Parmesan and/or Romano cheese, Plaintiff and members of the Class have been injured and have suffered an ascertainable out-of-pocket loss. Plaintiff and members of the Class seek a refund and/or rescission of the transaction and all further equitable and injunctive relief as provided by applicable law.

3.      Plaintiff seeks relief in this action individually and on behalf of all purchasers of Kraft's "100% Grated Parmesan Cheese" or "100% Parmesan & Romano Cheese" products for breach of express and implied warranties, unfair and deceptive trade practices, and unjust enrichment.

## PARTIES, JURISDICTION, AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A) because this case is a class action where the aggregate claims of all Members of the putative Classes are in excess of $5,000,000.00, exclusive of interest and costs, and many of the Members of the putative Classes are citizens of different states than Defendant. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d).

---

[1] 21 U.S.C. § 343(a)(1) states that a food product is deemed "misbranded" if "its labeling is false or misleading in any particular."

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

5.     Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) since Defendant transacts business within this judicial district. Likewise, a substantial part of the events giving rise to the claim occurred within this judicial district.

6.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over Defendant, because Defendant is present in the Commonwealth of Pennsylvania, such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

7.     This court has personal jurisdiction over Defendant pursuant to and consistent with the Constitutional requirements of Due Process in that Defendant, acting through its agents or apparent agents, committed one or more of the following:

   a.  The transaction of any business within the state;

   b.  The making of any contract within the state;

   c.  The commission of a tortious act within this state; and

   d.  The ownership, use, or possession of any real estate situated within this state.

8.     Requiring Defendant to litigate these claims in Pennsylvania does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.   All Plaintiff and Class Members' claims arise in part from conduct Defendant purposefully directed to Pennsylvania.  On information and belief, Defendant's "100%" Parmesan and/or Romano cheese products are sold at hundreds of local and national retailers, including, but not limited to Wal-Mart, Target, Wawa Food Markets, and Weis Markets, throughout the Commonwealth of Pennsylvania. On information and belief, Defendant avails itself of numerous advertising and promotional materials regarding its defective products specifically intended to reach consumers in Pennsylvania, including but not

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

limited to advertisements on local Pennsylvania television programs, advertisements on local Pennsylvania radio broadcasts, advertisements on billboards in Pennsylvania and advertisements in print publications delivered to consumers in the Commonwealth of Pennsylvania.

9.     Plaintiff and Class Members' claims arise out of Defendant's design, marketing and sale of "100%" Parmesan and/or Romano cheese products originating in the Commonwealth of Pennsylvania.

10.     Defendant regularly conducts or solicits business and derives substantial revenue from goods used or consumed in, inter alia, the Commonwealth of Pennsylvania.

11.     Defendant Kraft Heinz Foods Company is a Pennsylvania corporation with headquarters in Pittsburgh, Pennsylvania and Chicago, Pennsylvania. Defendant Kraft Heinz Foods Company maintains an agent for service of process at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

12.     At all times relevant hereto, Defendant Kraft Heinz Foods Company was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling "100%" Parmesan cheese products.

13.     Upon information and belief, at all relevant times, Defendant Kraft Heinz Foods Company was present and doing business in the Commonwealth of Pennsylvania.

14.     At all relevant times, Defendant Kraft Heinz Foods Company, transacted, solicited, and conducted business in the Commonwealth of Pennsylvania and derived substantial revenue from such business.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

15.     At all times relevant hereto, Defendant Kraft Heinz Foods Company expected or should have expected that its acts would have consequences within the United States of America, and the Commonwealth of Pennsylvania in particular.

## FACTUAL ALLEGATIONS

16.     Kraft's grated Parmesan and/or Romano cheese products are advertised as consisting of only one ingredient – "100%" Parmesan and/or Romano cheese. Several of Defendants labels feature banners which state in bold-type that the product "100% REAL Grated Parmesan" and "NO FILLERS".

17.     Defendant's key marketing representation with regard to their Parmesan Cheese product is that the container is full of nothing but "100% Grated Parmesan Cheese", "100% REAL" Grated Parmesan cheese. Many of Defendant's Products also further claim in all-caps bold type that the product contains "NO FILLERS".

18.     Consumers, including Plaintiff, reasonably rely on the label and believe Kraft's statement that the Product consists of "100%" Parmesan cheese means that no substitutes or fillers are present in the container. Because the Product does in fact contain fillers and substitutes, the "100%" Parmesan claim is literally false and is also misleading to consumers, including Plaintiff.

19.     The same is true of Kraft's "100% Parmesan & Romano Cheeses", which Kraft also advertises as containing "100% REAL Grated Parmesan & Romano" and "NO FILLERS"..

20.     Independent testing shows that at least 3.8 percent of the Product is not Parmesan cheese. [2] Indeed, at least 3.8 percent of the Product is not even cheese of any kind, but is rather

---

[2] *See* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood  (last accessed February 17, 2016)

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

comprised of fillers and additives. In fact, at least 3.8 percent of the Product is cellulose, an anti-clumping agent derived from *wood chips*.

21.     Kraft has been falsely and misleadingly touting that its Products are "100%" Parmesan and/or Romano Cheese for decades. These representations include, but are not necessarily limited to marketing statements such as "100% REAL" and "NO FILLERS".

22.     Consumers, including Plaintiff and the Class, rely on these labels, advertisements, and marketing representations and reasonably understand Defendant's product to contain nothing but 100% "pure" parmesan or a blend of parmesan and some other pure cheese. Instead, these products contain cellulose, as well as other fillers and preservatives.

23.     In reliance on those representations, Plaintiff and the Class purchased millions of dollars of Kraft grated cheese products over the relevant time period that they otherwise would not have purchased.

24.     Defendant has made, and continues to make, unlawful, false, fraudulent, and misleading claims on the food labels of Kraft's "100%" Grated Cheese Products. These claims are prohibited consumer protection statutes and warranty laws which render these Products misbranded and unfit for sale in the United States.

25.     Defendant has made, and continues to make, unlawful, false, fraudulent, and misleading claims on the food labels of Kraft's "100% Grated Parmesan Cheese" Products.

**PLAINTIFF'S USE OF KRAFT'S "100%" PARMESAN CHEESE PRODUCTS**

26.     Plaintiff Karen Ford is and was at all times alleged herein a citizen of the State of Michigan and currently resides in Dearborn Heights, Michigan.

27.     Plaintiff purchased Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products on numerous occasions, including but not limited to, in or about 2015 within Dearborn Heights, Michigan. Plaintiff consumed "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

Romano Cheese" Kraft's Products for the last several years within Dearborn Heights, Michigan.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

> All persons in the United States who, within the relevant statute of limitations period, purchased Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

29.    As a further separate subclass ("Michigan Class"), Plaintiff also brings this action on behalf of purchasers who are domiciliary citizens of the State of Michigan, this subclass's being defined as follows:

> All persons in the State of Michigan who, within the relevant statute of limitations period, purchased Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

30.    As a further separate subclass ("Pennsylvania Class"), Plaintiff also brings this action on behalf of purchasers who are domiciliary citizens of the Commonwealth of Pennsylvania, this subclass's being defined as follows:

> All persons in the Commonwealth of Pennsylvania who, within the relevant statute of limitations period, purchased Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

31.    Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over this case. Also excluded from the Class are persons or entities that purchased the Product for the purposes of resale.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

32.    The Members of the Class are so numerous that joinder of all Members is

impracticable. On information and belief, hundreds of thousands of consumers have purchased

Kraft's "100% Grated Parmesan Cheese" Products.  Disposition of the claims of the proposed

Class in a class action will provide substantial benefits to both the parties and the Court.

33.    The rights of each member of the proposed Class were violated in a similar fashion

based upon Defendant's uniform wrongful actions and/or inaction.

34.    The following questions of law and fact are common to each proposed Class

Member and predominate over questions that may affect individual Class Members:

    a.  Whether Defendant engaged in marketing and promotional activities which were likely to deceive consumers by omitting, suppressing, and/or concealing the true content of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

    b.  Whether Defendant omitted, suppressed, and/or concealed material facts concerning Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products from consumers;

    c.  What the fair market value of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products would have been throughout the class period but for Defendant's, its employees', agents', apparent agents', independent contractors', sales representatives', and/or liaisons', omissions, suppressions, and/or concealments concerning the true content of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

    d.  Whether the prices which Defendant charged for Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products throughout the class period exceeded the fair market value Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products would have had but for Defendant's omissions, suppressions, and/or concealments;

    e.  Whether Plaintiff and the Class were deprived of the benefit of the bargain in purchasing Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

    f.  Whether the excessive prices that Defendant charged for Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products constituted unfair acts or practices in violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law;

    g.  Whether Defendant's unconscionable actions occurred in connection with the Defendant's conduct of trade and commerce;

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

h. Whether Defendant's omissions, suppressions, and/or concealments of the content of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products enabled Defendant to charge unfair or unconscionable prices for Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

i. Whether Defendant violated the Pennsylvania Unfair Trade Practice and Consumer Protection Law through its course of unfair and/or deceptive conduct as alleged herein;

j. Whether Defendant was unjustly enriched at the expense of the Class members;

k. Whether Defendant's conduct in violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law was willful and wanton; and

l. Whether Plaintiff and the Class have been damaged and, if so, the extent of such damages.

35.   . Plaintiff's claims are typical of the claims of absent Class Members.  If brought individually, the claims of each Class Member would necessarily require proof of the same material and substantive facts, and seek the same remedies.

36.   Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity.  Plaintiff will fairly and adequately protect the interest of the Class and have no interests adverse to, or which directly and irrevocably conflicts with, the interests of other Members of the Class.  Further, Plaintiff has retained counsel experienced in prosecuting complex class action litigation.

37.   Defendant has acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate equitable relief with respect to the Class.

38.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the Class Members are impractical, as the costs of prosecution may exceed what any Class Member has at stake

39.   Members of the Class are readily ascertainable through Defendant's records and files and from other sources.

40.   Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incomparable standards of conduct for Defendant.  Moreover, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

41. The filing of this Class Action Complaint serves to toll and preserve the claims of the Class and other purchasers who were defrauded and injured by Defendant's wrongful and unlawful acts, and the commencement of this action suspends the applicable statute of limitations as to all asserted members of the Class who would have been parties had the suit been permitted to continue as a class action until a district judge declines to certify a class, or certifies a class that excludes particular persons.

42. Defendant at all relevant times knew or should have known of the problems and defects with Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products, and the falsity and misleading nature of Defendant's statements, representations and warranties with respect to Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products. Defendant concealed and failed to notify Plaintiff, the Class members, and the public of such defects.

43. Any applicable statute of limitation has therefore been tolled by Defendant's knowledge, active concealment and denial of the facts alleged herein, which behavior is ongoing.

## **COUNT I**

## **Violation of Pennsylvania Unfair Trade Practice and Consumer Protection Law**

44. Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

45. This Count is brought pursuant to the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq.*

46. Plaintiff and the Class are persons as defined by the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-2(2).

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

47. The Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-2, provides as follows:

> Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following: … Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have."

48. Beginning the first date Defendant placed its Kraft's "100% Grated Parmesan Cheese" Products into the stream of commerce in Pennsylvania and continuing through the present, Defendant, by and through its employees, agents, apparent agents, and/or sales representatives, engaged in concealment, suppressions, and/or omissions, misrepresentations, unlawful schemes and courses of conduct intended to induce Plaintiff and members of the Class to purchase Defendant's Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products through one or more of the following unfair and/or deceptive acts and/or practices:

    a. Knowingly, intentionally, and/or recklessly omitted, suppressed, and/ or concealed the content and ingredients of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

    b. Knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed the true nutritional value of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

    c. Knowingly, intentionally, recklessly, or negligently omitted proper labels from being placed on its packaging, or otherwise calling attention to the actual ingredients in Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products;

d. Omitted, suppressed, and/or concealed the content and ingredients of the Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products it manufactured, marketed, promoted, distributed, and/or sold.

49. The facts which Defendant omitted, suppressed, and/or concealed as alleged in the preceding paragraph were material in that they concerned facts that would have been important to a reasonable consumer in making a decision whether to purchase Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

50. Defendant's conduct as alleged in the preceding paragraphs was unfair in that it (1) offended public policy; (2) it was immoral, unethical, oppressive, and/or unscrupulous; and/or (3) it caused substantial economic injury to consumers, namely Plaintiff and members of the Class.

51. Defendant's unfair and/or deceptive acts and/or practices alleged in the preceding paragraph occurred in connection with Defendant's conduct of trade and commerce in Pennsylvania.

52. Defendant intended for Plaintiff and members of the Class to purchase Defendant's Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products in reliance upon Defendant's unfair and/or deceptive acts and/or practices in the marketing, promotion, and sale of its Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

53. Defendant's unfair and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not Plaintiff and members of the Class would actually receive an appropriate product.

54. Defendant's unfair and/or deceptive acts and/or practices violate the Pennsylvania Unfair Trade Practice and Consumer Protection Law.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

55.     As a direct and proximate result of Defendant's unfair and/or deceptive acts and/or practices, Plaintiff and members of the Class did not receive a safe and/or effective product when they purchased Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

56.     Plaintiff and members of the Class have suffered actual damages in an amount to be proven at trial, including all compensatory damages, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count I of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT II

## <u>UNJUST ENRICHMENT</u>

57.     Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

58.     As stated with more particularity above, Defendant embarked on and carried out a common scheme of marketing and selling Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products by omitting, suppressing, and/or concealing the true content of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

59.     Defendant's practices were designed to result in Plaintiff and Class Members' purchasing Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

60.    Defendant's practices further resulted in Plaintiff and Class Members' purchasing Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products without understanding the true content of Defendant's products or Defendant's omissions, suppressions, and/or concealment of material terms to increase its own ill-gotten profits.

61.    The monies paid by Plaintiff and the Class Members to Defendant in the purchase of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products conferred substantial benefits upon Defendant.  Defendant knew of and appreciated the benefits conferred upon it by Plaintiff and the Class and accepted and retained these benefits, which, in justice and fairness, should be refunded and paid over to Plaintiff and the Class in an amount to be proven at trial.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count II of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT III

## VIOLATION OF MAGNUSSON-MOSS WARRANTY

## ACT

## 15 U.S.C. §2301 et seq. ("MMWA")

62.    Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

63.    At all times relevant hereto, there was in full force and effect the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. ("MMWA").

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

64.    The Product is a consumer product within the meaning of 15 U.S.C. §2301(1).

65.    Plaintiff and Class Members are consumers as defined in 15 U.S.C. §2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantors the obligations of their express and implied warranties.

66.    Defendant is a supplier and warrantor within the meaning of 15 U.S.C. §§2301(4), (5).

67.    Pursuant to 15 U.S.C. §2310(e), Plaintiff is entitled to bring this class action and is not required to give Defendant or any of them notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure.

68.    In connection with the sale of the Product, Defendant gave multiple written warranties as defined in 15 U.S.C. 2301(6), including but not limited to the written warranties enumerated in the foregoing incorporated paragraphs.

69.    In connection with the sale of the Product, Defendant gave multiple implied warranties as defined in 15 U.S.C. §2301(7), included but not limited to the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.  As a part of the implied warranty of merchantability, Defendant warranted that the Product was fit for its ordinary purpose as a "100% Grated Parmesan Cheese" Product, would pass without objection in the trade as designed, manufactured and marked, and was adequately contained, packaged, and labeled. As part of the implied warranty of fitness for a particular purpose, Defendant warranted that the Product was a "100% Grated Parmesan Cheese" Product as set forth in the incorporated allegations.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

70.    Defendant is liable to Plaintiff and the Class Members pursuant to 15 U.S.C. §2310(d)(1), because it breached all written warranties and all implied warranties, including implied warranties of merchantability and implied warranties of fitness for a particular purpose.

71.    Specifically, but without limitation, among the express warranties Defendant breached were that the Product is a "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Product; the true nutritional value of Kraft's "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Products; and/or that the Product is free of adulterants and fillers.

72.    In much the same vein and for many of the same reasons and circumstances of material fact, Defendant has breached all implied warranties, including the implied warranty of merchantability.  The Product is not fit for the ordinary purpose for which it is used, namely as a "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Product.

73.    Defendant also breached the implied warranty of merchantability as the Product would not pass without objection in the trade, for a variety of separate and independent inadequacies, including the Product's false labeling.  The Product cannot pass in the trade as suitable given these defects, deficiencies, and falsehoods.

74.    Again similarly, the Product breached the implied warranty of merchantability as being inadequately and improperly contained, packaged, and labeled.  The Product was packaged and labeled as a "100% Grated Parmesan Cheese" and/or Kraft's "100% Grated Parmesan and Romano Cheese" Product, when it is not.  Rather, it contains a significant amount of fillers and adulterants.  These deficiencies and falsehoods, and others as incorporated herein, breach the implied warranty of merchantability.

75.    As the proximate cause and legal result of the breach of the aforementioned warranties regarding the Product as manufactured and/or supplied and/or distributed by Defendant and as a direct and legal result of the conduct of Defendant described herein, Plaintiff

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

and the Class have been damaged directly, incidentally, and consequentially, including but not limited to the price paid for the Product.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendant on this Count III of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

76.    Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

77.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

78.    As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product did not consist of "100%" Parmesan and/or Romano cheese. These misrepresentations and omissions were made with knowledge of their falsehood, and were prepared without reasonable care by Defendant.

79.    The misrepresentations and omission made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

80.    The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

## COUNT V

## <u>BREACH OF EXPRESS WARRANTY</u>

81.     Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

82.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

83.     As discussed above, in connection with the sale of the Product, via the aforementioned statements contained on the packaging of the product, Defendant issued an express warranty that the product consisted of 100% cheese.

84.     This material representation and promise contained on the product's packaging that the product consisted of 100% cheese was a basis of the bargain between Defendant, and Plaintiff and other class members.

85.     Defendant breached this express warranty by selling a product that was not in fact 100% cheese.

86.     Plaintiff and other class members were injured as a direct and proximate result of Defendant's breach of warranty, because they would not have purchased (and would not have paid the purchase price for) the Product knowing that the express warranty was false, they paid a price premium for a Product subject to the false warranty, and they ultimately received a Product that was worth less than what it would have been in the warranted condition.

## COUNT VI

## <u>DECLARATORY RELIEF</u>

87.     Plaintiff and Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows.

88.     An actual controversy has arisen and now exists between Plaintiff and Class Members and Defendant in that Defendant's marketing of the Product is deceptive.

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

89.     Plaintiff and the Class Members desire a judicial determination of the parties' respective rights under applicable statutory law concerning the marketing and sale of consumer cheese products.

90.     Such a declaration is necessary and appropriate to determine the rights and duties of the respective parties with respect to the claims asserted by Plaintiff and the Class members.

## JURY TRIAL
## DEMAND

Plaintiff and Class Members demand a jury trial as to all claims and issues triable of right by a jury

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Members of the proposed Class pray that this Honorable Court do the following:

a.   Certify the matter as a class action pursuant to the provisions of Rule 23 of the  Federal Rules of Civil Procedure and order that notice be provided to all Class Members;

b.   Designate Plaintiff as representative of the Class and the undersigned counsel as Class Counsel;

c.   Award Plaintiff and the Class compensatory and punitive damages in an amount to be determined by the trier of fact;

d.   Award Plaintiff and the Class statutory interest and penalties;

e.   Award Plaintiff and the Class appropriate injunctive and/or declaratory relief;

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.

    f.   Award Plaintiff and the Class their costs, prejudgment interest, and attorney

        fees;  and;

    g.   Grant such other relief as is just and proper

Dated: April 5, 2016

*/s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: 215-592-1500
Facsimile: 215-592-4663
cschaffer@lfsblaw.com

Charles J. LaDuca (subject to *pro hac vice* admission)
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
charlesl@cuneolaw.com

Melissa W. Wolchansky (subject to *pro hac vice* admission)
HALUNEN LAW
80 S. 8th Street, Suite 1650
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
wolchansky@halunenlaw.com

Michael McShane (subject to *pro hac vice* admission)
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco California  94102-3229
Tel.:    415.568.2555
Fax:    415.568.2556
mmcshane@audetlaw.com

*Counsel for Plaintiffs*

KAREN FORD, et al., v. KRAFT HEINZ FOODS CO.